## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

ESTHER MERCADO,

Plaintiff,

v.

COMMONWEALTH OF
PUERTO RICO; SUPREME
COURT OF PUERTO RICO;
OFICINA DE
ADMINISTRACION DE
TRIBUNALES;
ADMINISTRACION DE
SERVICIOS DE SALUD
MENTAL Y CONTRA LA
ADDICION,

Defendants.

CIVIL NO.  13-1621 (DRD)



## **VERIFIED AMENDED COMPLAINT**

### **TO THE HONORABLE COURT:**

COMES NOW plaintiff Esther Mercado, by and through her undersigned

counsel and respectfully states and alleges as follows:

I.

## STATEMENT OF THE CASE

1.0    This is an action for damages and injunctive relief arising from defendants' violations of the rights and privileges protected by the American with Disabilities Act, 42 U.S.C. sec. 12181, *et seq*., and the ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 (2008)("ADAA"); for injunctive relief, pursuant to 42 U.S.C. secs. 12117, 12133; and for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. secs. 2201-2202.   Plaintiffs also request any other relief that the Court deems just and proper, including litigation expenses and attorneys' fees and costs.

## II.

## JURISDICTION

2.0    The Court has federal question jurisdiction pursuant to 28 U.S.C. sec. 1331.  The Court also has subject matter jurisdiction by virtue of the Americans with Disabilities Act, 42 U.S.C. secs. 12101-12117.



## III.

## THE PARTIES

3.0    Plaintiff Esther Mercado is a citizen and resident of Puerto Rico.

3.1     Co-defendants Commonwealth of Puerto Rico; the Supreme Court of Puerto Rico; the Oficina de Administración de Tribunales; and the Administración de Servicios de Salud Mental y Contra la Adicción are "public entities", as the term is used in Title II of the American with Disabilities Act ("ADA") as amended, 42 U.S.C. sec. 12131(1); 28 C.F.R. sec. 35.104.

## IV.

## THE FACTS

4.0     Plaintiff reaffirms and reproduces as if alleged herein each and every one of the preceding allegations.

4.1     On June 15, 2010, Plaintiff was a resident at Res. Llorens Torres, Bldg. 131, Apt. No. 2442, in San Juan, Puerto Rico. On that date, the Court of First Instance, San Juan Part, issued an *ex parte* order requiring plaintiff's involuntary commitment at the Psychiatric Hospital of Centro Médico. The *ex parte* order was requested by Liz De León, a social worker who worked at Res. Llorens Torres. *See* Exhibit A.



4.2     The Court of First Instance, San Juan Part, ordered plaintiffs' internment at a psychiatric hospital without prior written notice or holding a hearing in plaintiff's presence.

4.3     The Court regarded plaintiff as capable of committing acts of "aggressiveness, impulsiveness and anxiety." See Exhibit A, p. 1

4.4     Commonwealth of Puerto Rico police officers then arrived at plaintiff's home, and, against her will, took her directly to Hospital Dr. Ramón Fernández Marina, a psychiatric hospital. Upon information and belief, this hospital is administered, owed or operated by, under the control of, or for the benefit of the Commonwealth of Puerto Rico or one of the Commonwealth's agencies or instrumentalities, in particular the Administración de Servicios de Salud Mental y Contra la Adicción.

4.5     Plaintiff was maintained and detained at Hospital Dr. Ramón Fernández Marina against her will, where she remained committed continuously until Hospital Dr. Ramón Fernández Marina released Plaintiff on July 30, 2010.



4.6     From the moment of her detainment on June 15, 2010, defendants never gave prior, written notice of any hearing; an opportunity to be present, or to evaluate the evidence against her, and to confront and cross-examine witnesses. Defendants also failed to furnish legal counsel or the aid of adequate, independent assistance. Defendants did not give plaintiff written notice of the court's decisions. Defendants did not give

copy of the documents relied upon to commit, or continue plaintiff's commitment.

4.7    After her release on July 30, 2010, plaintiff learned that during her detention, the Court of First Instance had held several *ex-parte* hearings on: (a) June 16, 2010; (b) June 23, 2010;  (c) July, 1, 2010; and (c) July 15, 2010.  At each these hearings, the Court issued orders restricting plaintiff's liberty.

4.8    At the *ex parte* hearing held on June 16, 2010, the Court of First Instance ordered plaintiff's involuntary, continuing commitment to Hospital Dr. Ramón Fernández Marina for a maximum period of 15 days. The Court ordered in writing a follow up hearing for June 23, 2010.   The Court allegedly relied on a certification issued by the psychiatric hospital where plaintiff was held against her will.

4.9    Defendants did not give written notice of this June 16, 2010 hearing to Plaintiff, or the fact that her continuing detention was being considered.  Defendants did not give Plaintiff an opportunity to be present, or to evaluate the evidence against her, and to confront and cross-examine witnesses. Defendants also failed to furnish legal counsel or the aid of adequate, independent assistance.  Defendants did not give plaintiff written



notice of the court's decision.  Defendants did not give copy of the alleged certification upon which the Court relied to commit plaintiff.

4.10   The court record shows that Ms. De León – the social worker -- filed a motion asking the court to appoint an attorney because Plaintiff did not have any financial means to pay one.  Defendants did not act on the request, then or at any time thereafter. (Exhibit B).

4.11   The Court held an *ex parte* hearing on June 23, 2010. At the hearing, the Court ordered that Ms. Mercado remain at Hospital Dr. Ramón Fernández Marina, involuntarily, until July 1, 2010.  The Court relied on an alleged "certification" issued by Hospital Dr. Ramón Fernández Marina that had been received the morning of the hearing.  See Exhibit C.

4.12   Defendants did not give written, prior notice of this June 23, 2010 hearing to Plaintiff that her continuing detention was being considered.  Defendants did not give Plaintiff an opportunity to be present, or to evaluate the evidence against her, and to confront and cross-examine witnesses. Defendants also failed to furnish legal counsel or adequate, independent assistance.  Defendants did not give plaintiff written notice of the court's decision, nor a copy of the alleged "certification."



4.13   The Court again held an *ex parte* hearing on July 1, 2010. The Court  noted  that  a  second  certification  had  been  received  from  the

psychiatric institution requesting that plaintiff's commitment continue. The court ordered that Plaintiff remain interned at the hospital, against her will, for fifteen additional days. *See* Exhibit D. The Court ordered in writing that the patient and a representative of the psychiatric institution appear in court.

4.14   Defendants did not give prior, written notice of this July 1, 2010 hearing to Plaintiff that her continuing detention was being considered. Defendants did not give Plaintiff an opportunity to be present, or to evaluate the evidence against her, and to confront and cross-examine witnesses. Defendants also failed to furnish legal counsel assistance of counsel or adequate, independent assistance.   Defendants did not give plaintiff written notice of the court's decision, nor a copy of the hospital's alleged request for extension.



4.15   The Court again held an *ex parte* hearing on July 15, 2010. The Court noted that a new request to extend the commitment had been received that morning from "the institution where the patient is interned indicating the need to remain committed involuntarily" at the psychiatric hospital. The court ordered that Plaintiff remain interned at the hospital, against her will, for fifteen days. *See* Exhibit E.

4.16  Defendants did not give prior, written notice of this July 15, 2010 hearing to Plaintiff that her continuing detention was being considered.  Defendants did not give Plaintiff an opportunity to be present, or to evaluate the evidence against her, and to confront and cross-examine witnesses. Defendants also failed to furnish legal counsel or adequate, independent assistance.  Defendants did not give plaintiff written notice of the court's decision, nor a copy of the alleged "certification."

4.17  The Court held a hearing on August 4, 2010.   The Court learned that day that the Hospital had released Plaintiff on July 30, 2010. The Court issued an order requiring plaintiffs' immediate release from Hospital Dr. Ramón Fernández Marina.

4.18  Defendants furnish public services in the form of legal counsel to persons who are legally entitled to counsel when they are unable to pay, such as prisoners that are unable to furnish their own and who are awaiting trial for their alleged crimes.  Defendants also provide other public services such as free transportation to the courts and notice of court hearings, to persons entitled to these services, such as pretrial arrestees who, although accused of crimes, are nonetheless presumably innocent.



4.19  By virtue of the American with Disabilities Amendments Act of 2008, and changes in definition of the term "disability", plaintiff is a

"qualified individual with a disability" as the term is used in the ADAA because defendants regarded plaintiff as having a major "mental impairment".

4.20  By their actions and omissions described in this complaint, the Government of Puerto Rico, the Supreme Court, the Administración de Servicios de Salud Mental y Contra la Adicción and the Oficina de Administración de Tribunales unjustifiably committed, detained and/or retained Esther Mercado against her will and violated the ADA. It is unjustifiable to order the commitment, detention and/or retention in a psychiatric hospital or institution of a qualified individual with a disability against her will (a) without holding a hearing in the presence of the individual, (b) without giving written, prior notice of the hearing, (c) without giving the opportunity to be heard and/or (d) without providing the assistance of counsel or adequate, independent assistance; (e) without opportunity to present testimony of witnesses and to cross-examine them; (f) without a written statement as to the evidence relied on and reasons. It is also unjustifiable to order the involuntary commitment (or continuing commitment) of a person without a determination of current mental illness and dangerousness. Defendants also violated the ADA by committing



plaintiff and/or continuing her commitment, despite the fact that she was not dangerous and/or a determination of dangerousness.

4.21  But for these violations, actions and omissions, plaintiff would not have been committed and/or she would have been released before July 30, 2010.

4.22  Defendants also discriminated against plaintiff in the provision of services that defendants routinely provide to others who are similarly situated. Plaintiff was denied these public services by reason of her disability.

4.23  Defendants acted and failed to act, intentionally and/or with deliberate indifference to Plaintiff's rights.  Defendants knew, or should have known, that unjustified commitment, detention and retention in a psychiatric hospital, as well as failure (a) holding a hearing in the presence of the individual, (b) to give prior notice of the hearing, (c) to give the opportunity to be heard and/or (d) to provide the assistance of counsel or adequate, independent assistance; (e) to give the opportunity to present testimony of witnesses and to cross-examine them; (f) to give a written statement as to the evidence relied on and reasons is unlawful.  Defendants knew, or should have known, that committing (or continuing the commitment of) a person to a psychiatric hospital without a determination



of current mental illness and dangerousness is unlawful. These actions and omissions also constitute violations of due process protected by the Fourteenth Amendment.

4.24   By reasons of defendants' actions and omissions, plaintiff has been injured, in an amount to be determined at trial.

## V.
## FIRST CAUSE OF ACTION

5.1    Plaintiff realleges and reincorporates all allegations made in the preceding paragraphs.

5.2    Under Title II of ADA, "no qualified individual with a disability, shall by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. sec. 12132.



5.3    The ADA's implementing regulations mandate that "a public entity shall administer services, programs and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities." 28 C.F.R. sec. 35.130(d).

5.4    The "most integrated setting appropriate to the needs of qualified individuals with disabilities" means "a setting that enables

individuals with disabilities to interact with non-disabled persons to the fullest extent possible." 28 C.F.R., pt .35 App. A, Subpart B, at 572 (July 1, 2010)

5.5    Unjustifiable institutional interment in psychiatric hospitals or institutions of qualified persons with disabilities is a form of discrimination prohibited by the ADA.

5.6    By virtue of the American with Disabilities Amendments Act of 2008, and changes in definition of the term "disability", plaintiff is a "qualified individual with a disability" as the term is used in the ADAA because defendants regarded plaintiff as having a major "mental impairment".

5.7    By their actions and omissions described in this complaint, the Government of Puerto Rico, the Supreme Court, the Administración de Servicios de Salud Mental y Contra la Adicción and the Oficina de Administración de Tribunales unjustifiably interned, detained and/or retained Esther Mercado against her will and violated the ADA. It is unjustifiable to order the commitment, detention and/or retention in a psychiatric hospital or institution of a qualified individual with a disability against her will    (a) without holding a hearing in the presence of the individual, (b) without giving written, prior notice of the hearing, (c)



without giving the opportunity to be heard and/or (d) without providing the assistance of counsel or adequate, independent assistance; (e) without opportunity to present testimony of witnesses and to cross-examine them; (f) without a written statement as to the evidence relied on and reasons.  It is also unjustifiable to order the involuntary commitment (or continuing commitment) of a person without a determination of current mental illness and dangerousness.

      5.9   Defendants also discriminated against plaintiff in the provision of services that defendants routinely provide to others who are similarly situated. Plaintiff was denied these public services by reason of her disability.

      5.10  Defendants acted and failed to act, intentionally and/or with deliberate indifference to Plaintiff's rights.  Defendants knew, or should have known, that unjustified commitment is unlawful.  These actions and omissions also constitute violations of due process protected by the Fourteenth Amendment.



      5.11  Plaintiff has been injured by defendants' actions and omissions in an amount to be determined at trial, but which is estimated to be in excess of ONE MILLION DOLLARS ($1,000,000), plus interests, costs and attorneys fees.

## VI.

## SECOND CAUSE OF ACTION

6.1    Plaintiff repeats and realleges all allegations made in the preceding paragraphs.

6.2    The ADA protects qualified persons with disability from the risk of unjustified institutionalization.

6.3    By denying Plaintiff (a) a hearing in the presence of the individual, (b) prior notice of the hearing, (c) the opportunity to be heard and/or (d) the assistance of counsel or adequate, independent assistance; (e) the opportunity to present testimony of witnesses and to cross-examine them; (f) a written statement as to the evidence relied on and reasons, defendants placed Plaintiff at a risk of unjustified institutionalization, causing damages to plaintiff in an amount to determined at trial, but which are estimated to be in excess of ONE MILLION DOLLARS ($1,000,000), plus interests, costs and attorneys fees.  These actions and omissions also constituted violations of plaintiff's due process rights protected by the Fourteenth Amendment.



## VII.

## THIRD CAUSE OF ACTION FOR INJUNCTIVE RELIEF

7.1    Plaintiff repeats and realleges all allegations made in the preceding paragraphs.

7.2    As a result of defendant's actions and omissions, plaintiff has a record of an impairment that would substantially limit her capacity to interact with others. Plaintiff therefore has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities.

7.3    Plaintiff is at an immediate risk and danger of being unjustly institutionalized as a result of Defendants' actions and omissions, including defendants' failure to have a system in place that will provide assistance of counsel or adequate independent assistance, to qualified individuals with disabilities who cannot afford to pay one; their failure to give transportation to court hearings to persons institutionalized in psychiatric hospitals against their will; and failure to receive adequate notice of said hearings, among others.



7.4    The Supreme Court of Puerto Rico has a system in place that assigns attorneys or qualified and independent assistance to persons who are in prison waiting for trial and do not have the financial means to furnish their own. No such system exists for qualified individuals with disabilities who are committed to psychiatric hospitals.

7.5    Upon information and belief, defendants also have a system in place that insures adequate, written notice of hearings, and transportation thereto, to pretrial detainees who are presumed innocent of any crime but are held in prison.

7.6    Plaintiff asks the Court to issue an order and injunctive relief requiring that defendants hereinafter establish a system in place that will guarantee the right to counsel to patients who do not have the financial resources, and to create and maintain a system that will protect plaintiff's right to a hearing, and notice thereof, and the right to appear, prior to, and in connection with, the involuntary interment, detention and/or retention of its citizens in psychiatric hospitals and institutions, and further provide any such other equitable relief as the Court may deem proper or necessary, including the payment of attorneys fees.

## DEMAND FOR JURY TRIAL

Plaintiff demands the right to Jury Trial in all issues so triable.

## PRAYER FOR RELIEF



WHEREFORE, it is respectfully requested that this Honorable Court grant all causes of action and the relief requested as pleaded in the complaint, and impose upon the defendant the costs, expenses and attorneys

fees and legal interests and such other relief, including equitable relief, as the Court may deem appropriate or adequate.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this February 28, 2014.


Juan H. Saavedra Castro
P.O. Box 9021782
San Juan, Puerto Rico 00902-1782
Tel. 787-722-7741
Fax. 787-722-7748
Dist. Co. No. 204712

CERTIFICATE OF SERVICE


I hereby certify that on February 28, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all parties.

At San Juan, Puerto Rico, this 28 February 2014.

s/JUAN H.  SAAVEDRA CASTRO
P.O. BOX 9021782
SAN JUAN, PUERTO RICO 00902-1782
TEL. (787) 722-7741
FAX. (787) 722-7748
saavedracastrojuan@me.com

DIST. CO. NO. 204712

**VERIFICATION**



The undersigned,  Esther Mercado, plaintiff herein, of legal age and single, solemnly declare under penalty of perjury that the facts alleged in this complaint are true and correct.

In San Juan, Puerto Rico, this 28 of February, 2014.

ESTHER MERCADO

Estado Libre Asociado de Puerto Rico
**TRIBUNAL GENERAL DE JUSTICIA**
TRIBUNAL DE PRIMERA INSTANCIA
SALA MUNICIPAL DE _____

_Liz De León Báez_
**PARTE PETICIONARIA**

Dirección Postal _Res. Luis Lloréns_
_Torres, Sector YouthCenter_
_Santurce P.R. 00913_

Civil Núm. _____

Sobre:

_Esther Mercado Santos_
**PACIENTE**

**ADMISIÓN INVOLUNTARIA**
Ley Núm. 408 del 2 de octubre de 2000
Ley de Salud Mental de Puerto Rico

Dirección Postal _Res. Luis Lloréns_
_Torres Edif 131 Apto 2445_

_Dep - 726-0095_
_Evaluado post morión_
_H. Jugar_

**PETICIÓN**

_15 - junio - 2010_

**AL HONORABLE TRIBUNAL:**

Comparece _Liz De León_
mayor de edad, residente en: _S. J. ----> Oficina de Administración_
                              *(Dirección Residencial)*
_Res Luis Lloréns Torres, Sector Youth Center_
y muy respetuosamente expone, alega y solicita:

1. Que _Esther Mercado_
de _25_ años de edad, cuyo estado civil es soltero (✓), casado (  ), viudo (  ),
desconozco (  ), reside en _Luis Lloréns Torres Edif 131 Apto_
_2445 Santurce P.R._
                    *(Dirección Residencial)*

al presente aparenta padecer de sus facultades mentales en forma que constituye un
peligro para sí, para las vidas y propiedad ajenas.

2. Que el nombre y dirección del cónyuge, tutor legal o el familiar más cercano
del paciente es: _no existe información sobre familias_
_alguno._

3. Que está realizando los siguientes actos: _de agresividad,_
_impulsiva y Ansiedad._
_____
_____
_____
_____

4. Que los nombres y direcciones de los testigos de estos actos son: _____
_Liz DeLeón T.S. oficina 7260095_
_____
_____

5. Que SI _____ NO _no__ **DESCONOZCO SI** _✓_ tiene récord en alguna
institución mental reconocida.

6. Que SI _____ NO _·__ **DESCONOZCO SI** _✓_ tiene causas criminales
pendientes de vista.

**7.** Que conozco de estos hechos con motivo de que guardo la siguiente relación con el(la) paciente, _Trabajadora social_ .

**8.** Que esta petición no se hace por tener algún interés económico o litigioso civil, criminal o administrativo, o de ninguna otra naturaleza, en la persona del paciente.

**9.** Que de la información antes brindada, hay algunos datos que desconozco, no obstante haber realizado gestiones para conseguir la misma, las que han resultado infructuosas. Estas gestiones consisteron en: _____

_____

_____

**POR TODO LO CUAL,** solicito muy respetuosamente de este Honorable Tribunal que luego de considerar lo antes expuesto, se sirva expedir una **ORDEN DE DETENCION TEMPORERA DE VEINTICUATRO (24) HORAS** para que el (la) paciente sea evaluado(a) por un Psiquiatra en el Hospital de _Psiquiatrico de Centro Medico_ .

En _S.J._ , Puerto Rico, a _15_ de _junio_ de 20 _10_ .

_[firma]_
**PARTE PETICIONARIA**

## JURAMENTO

Yo, _Liz De León_ , mayor de edad, de estado civil _casada_ , de profesión u oficio _Trabajadora Social_ residente en _S.J._ , Puerto Rico, bajo juramento declaro que he leído la Petición que antecede, cuyos datos he suministrado y me constan que son ciertos por propio conocimiento.

_[firma]_
**PARTE PETICIONARIA**

JURADO Y SUSCRITO ante mi por _Liz DeLeon Diaz_ , de las circunstancias personales antes expresadas. Quien se identificó con: _____
_TS. De 16525_ .

En _SJ_ , Puerto Rico, hoy _16_ de _Junio_ de 20 _10_ .

_[firma]_
**SECRETARIA(O) DEL TRIBUNAL**

LCDA. REBECCA RIVERA TORRES
SECRETARIA REGIONAL

_1003977U_

OAT-1248 (febrero/2001)
Petición. Admisión involuntaria
Ley Núm. 408 del 2 de octubre de 2000
Ley de Salud Mental de Puerto Rico

Estado Libre Asociado de Puerto Rico
***TRIBUNAL GENERAL DE JUSTICIA***
TRIBUNAL DE PRIMERA INSTANCIA
SALA MUNICIPAL DE SAN JUAN

**LIZ DE LEON BAEZ**
PARTE PETICIONARIA
*Dirección Postal:* OFIC. DE ADMINISTRACION
RES. LUIS LLORENS TORRES SECTOR
YOUTH CENTER SANTURCE PR 00913

**ESTHER MERCADO SANTANA**
PACIENTE

Dirección Postal: EDIF. 131 APT. 2445
RES. LUIS LLORENS TORRES
SANTURCE PR 00913

Civil Núm. <u>SM-10-0314</u>

Sobre:

**ADMISION INVOLUNTARIA**
Ley Núm. 408 del 2 de octubre de 2000
Ley de Salud Mental de Puerto Rico

---

### MOCION SOLICITANDO LA DESIGNACION DE ABOGADO A PERSONA SUJETA A ADMISION INVOLUNTARIA

**AL HONORABLE TRIBUNAL:**

Comparece la parte peticionaria de epígrafe y muy respetuosamente expone, alega y solicita:

1. Que he presentado ante este Honorable Tribunal una Petición de Ingreso Involuntario por un máximo de quince (15) días a favor de **ESTHER MERCADO SANTANA**
2. Que **ESTHER MERCADO SANTANA**carece de los medios económicos para contratar representación legal por lo que interesa que este Honorable Tribunal le asigne un abogado para que le represente en la vista de este caso.

POR TODO LO CUAL, muy respetuosamente solicitamos de este Honorable Tribunal que declare con lugar la presente moción y notifique al abogado que designe con tiempo suficiente para que éste pueda estar en condiciones de representar, al paciente de epígrafe, el día para el cual se señale la vista de este caso.

En **SAN JUAN** Puerto Rico, a **16 de junio de** 2010.

**LIZ DE LEON BAEZ**
**PARTE PETICIONARIO**

amd

### ORDEN

Luego de analizada la solicitud de la parte peticionaria, se declara **CON LUGAR** la presente moción y se designa a _____ para que represente al paciente de epígrafe en la vista del caso.

Notifíquese a la representación legal aquí designada con copia de todos los documentos en este caso.

En _____, Puerto Rico, a ___ de _____ de 2004.

_____
JUEZ(A) DEL TRIBUNAL DE PRIMERA INSTANCIA

Certifico que esta Orden fue notificada a la parte peticionaria de epígrafe personalmente y a: _____ por correo a la siguiente dirección:

En _____, Puerto Rico, a ____ de _____ de 2004.

SECRETARIA (O) AUXILIAR



NOV 18 2013



11139486
.50¢

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| **LIZ DE LEON BAEZ**<br>**PETICIONARIO(A)** | **Caso Núm: SM2010-0314**<br>**Salón de Sesiones: 507** |
| **EX PARTE** | **Sobre:** |
| **ESTHER MERCADO SANTANA**<br>**PACIENTE** | **ADMISION INVOLUNTARIA**<br>Ley Núm. 408 del 2 de octubre de 2000<br>Ley de Salud Mental de Puerto Rico |

## RESOLUCION Y SEÑALAMIENTO DE VISTA

El 16 de junio de 2010, conforme al Artículo 4.14 de la Ley Núm. 408 de 2 de octubre de 2000, Ley de Salud Mental de Puerto Rico ("Ley"), se expidió una ORDEN DE INGRESO INVOLUNTARIO, con vigencia de quince (15) días a partir de su emisión. Ese mismo día, el Tribunal señaló la audiencia de hoy con el propósito de evaluar la continuación o cese del ingreso involuntario. De dicho señalamiento, se ordenó notificar al(a la) paciente, al familiar más cercano, al(a la) peticionario(a) o al tutor legal, si alguno. Además, se ordenó que se notificara a la institución proveedora.

A la audiencia pautada para hoy, compareció el(la) peticionario(a) e informa que es el(la) Trabajadora Social del Residencial Luis Llorens Torres. Obra en autos la PRIMERA CERTIFICACION, expedida por la institución proveedora, de la cual surgen recomendaciones de la persona psiquiatra en consulta con el equipo multidisciplinario que atiende al(a la) paciente para que continúe en tratamiento. A tenor con ello, este Tribunal concluye que el(la) paciente debe continuar recibiendo servicios de tratamiento de forma involuntaria.

Así se resuelve que la ORDEN DE INGRESO INVOLUNTARIO continuará vigente hasta el **1 de julio de 2010** o hasta que la persona esté en condiciones de continuar en el proceso de recuperación y rehabilitación ambulatorio, lo primero que ocurra. De interesarse una extensión de la hospitalización, la parte interesada procederá conforme al Artículo 4.15 de la Ley.

Se señala vista de seguimiento para el 1 de julio de 2010, a las 9:00 ☒a.m. ☐ p.m.

NOTIFIQUESE.

En San Juan, Puerto Rico, a 23 de junio de 2010.

WANDA CRUZ AYALA
Juez Superior

NOV 18 2013



11139506
. 50¢



Estado Libre Asociado de Puerto Rico
Tribunal de Primera Instancia
Sala Superior de San Juan

| | |
|---|---|
| **LIZ DE LEON BAEZ**<br>**PETICIONARIO(A)** | **Caso Núm: SM2010-0314**<br>**Salón de Sesiones: 507** |
| **EX PARTE** | **Sobre:** |
| **ESTHER MERCADO SANTANA**<br>**PACIENTE** | **ADMISION INVOLUNTARIA**<br>**Ley Núm. 408 del 2 de octubre de 2000**<br>**Ley de Salud Mental de Puerto Rico** |

### RESOLUCION

Celebrada la vista de seguimiento, compareció la parte peticionaria. No compareció el representante de la institución, ni el(la) paciente. Luego de examinar la solicitud de Extensión de Término, presentada por la Institución Hospitalaria, el Tribunal la declara HA LUGAR. Así, se autoriza la continuación del ingreso involuntario del(de la) paciente por 15 días, a partir del **16 de julio de 2010**, fecha de vencimiento del último término concedido ó hasta que la persona esté en condiciones de continuar en el proceso de recuperación y rehabilitación ambulatorio, lo primero que ocurra.

La institución hospitalaria informará al Tribunal del status del(de la) paciente en o antes de cumplirse el término aquí concedido.

Se señala vista de seguimiento para el **4 de agosto de 2010, a las 9:00 a.m.**, en donde deberán comparecer, la parte peticionaria, el(la) paciente y algún representante de la institución para que declare bajo juramento la necesidad de que el(la) paciente permanezca hospitalizado(a) involuntariamente.

**NOTIFIQUESE.**

En San Juan, Puerto Rico, a 15 de julio de 2010.

**WANDA CRUZ AYALA**
**Juez Superior**

NOV 18 2013



11139508
. 50¢

Estado Libre Asociado de Puerto Rico
Tribunal de Primera Instancia
Sala Superior de San Juan

| | |
|---|---|
| **LIZ DE LEON BAEZ**<br>**PETICIONARIO(A)** | **Caso Núm: SM2010-0314**<br>**Salón de Sesiones: 507** |
| **EX PARTE** | **Sobre:** |
| **ESTHER MERCANO SANTANA**<br>**PACIENTE** | **ADMISION INVOLUNTARIA**<br>**Ley Núm. 408 del 2 de octubre de 2000**<br>**Ley de Salud Mental de Puerto Rico** |

## SENTENCIA

Celebrada la vista de seguimiento, compareció la parte peticionaria por derecho propio.

El(La) peticionario(a) informa, bajo juramento, que es la Trabajadora Social del Residencial Luis Lloréns Torres.

Examinada la notificación recibida por fax del Hospital de Psiquiatría Dr. Ramón Fernández Marina, la cual hace constar que el(la) paciente fue dado(a) de alta el 30 de julio de 2010. Este Tribunal, conforme a lo establecido en la Ley 408, dicta SENTENCIA mediante la cual ordena el ALTA INMEDIATA del(de la) paciente y el archivo definitivo de este caso.

**REGISTRESE Y NOTIFIQUESE.**

En San Juan, Puerto Rico, a 4 de agosto de 2010.

WANDA CRUZ AYALA
JUEZ SUPERIOR

Certifico:

LCDA. REBECCA RIVERA TORRES
Secretaria Regional

Por: _____
Secretaria(o) Auxiliar

NOV 18 2013



11139515
- 50¢