IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ESTHER MERCADO,** | |
| **Plaintiff,** | |
| **COMMONWEALTH OF PUERTO RICO, et al.,** | **CIVIL NO. 13-1621 (PAD)** |
| **Defendants.** | |

## OPINION AND ORDER

Esther Mercado initiated this action against the Commonwealth of Puerto Rico, the Oficina de Administración de Tribunales ("OAT"), the Administración de Servicios de Salud Mental Contra la Adicción ("AMSCAA"), and the Puerto Rico Supreme Court, seeking declaratory and injunctive relief and damages under the American with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA"), and the ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 (2008) ("ADAAA"). Before the Court are (1) the Commonwealth's "Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)" (Docket No. 29), which OAT joined (Docket No. 39); and (2) AMSCA's "Motion to Dismiss" (Docket No. 30). Plaintiff opposed both motions (Docket No. 40), and the Commonwealth and OAT replied (Docket No. 44). For the reasons explained below, both motions are GRANTED and the case is DISMISSED.

## I.   BACKGROUND

On June 15, 2010, the San Juan Part of the Court of First Instance of Puerto Rico issued an *ex parte* order for plaintiff's involuntary commitment to a psychiatric hospital (Docket No. 18 at ¶¶ 4.1-4.4).[1] After her release from the hospital, plaintiff learned that during the time she was

---

[1] Plaintiff attached to the amended complaint several documents in the Spanish-language. Because no certified translations were filed, the Court cannot consider those documents. Puerto Rican for P.R. Party v. Dalmau, 544 F.3d 58, 67 (1st Cir.2008).

Mercado v. Commonwealth of Puerto Rico, et al.
Civil No. 13-1621 (PAD)
Opinion and Order
Page 2

committed, the Commonwealth court held three (3) *ex parte* hearings ordering her continuing commitment for a maximum of 15 days.  Id. at ¶¶ 4.7-4.8.

Plaintiff contends defendants failed to provide her with prior notice of the hearings as well as of the opportunity to attend the hearings and to evaluate the evidence against her, to present testimony of witnesses, to confront and cross-examine them, and to be represented by legal counsel or with adequate, independent assistance.  Further, she alleges she never received a written statement of the evidence relied on, of the court's decision, and of related certifications.  Id. at ¶¶ 4.7, 4.9, 4.12, 4.14, 4.16, 4.20, 4.23 and 6.2.

In plaintiff's view, defendants denied her the benefits of services, programs or activities in violation of the ADA and ADAAA, and violated the ADA by involuntarily committing her to a psychiatric institution without a determination of current mental illness and dangerousness.  Id. Defendants argue plaintiff's claims are time barred and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) (Docket Nos. 29 and 30).

## II.    STANDARD OF REVIEW

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must allege a plausible entitlement to relief.  Rodríguez-Vives v. Puerto Rico Firefighters Corps., 743 F.3d 278, 283 (1st Cir. 2014); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013); Rodríguez-Ortiz v. Margo Caribe, 490 F.3d 92, 95 (1st Cir. 2007).  Plausibility involves a context-specific task calling on courts to examine the complaint as a whole, separating factual allegations (which must be accepted as true) from conclusory allegations (which need not be credited).  García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013); Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir.2012).

Mercado v. Commonwealth of Puerto Rico, et al.
Civil No. 13-1621 (PAD)
Opinion and Order
Page 3

While detailed factual allegations are not required, more than labels and conclusions are needed.  Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  Where the well-pleaded facts do not permit the court to reasonably infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – that the pleader is entitled to relief. Ashcroft v. Iqbal, 556 U.S. 663, 678 (2009).

### III.   DISCUSSION

The ADA prohibits discrimination on the basis of disability.  Since it does not contain a statute of limitations, courts borrow the most analogous state limitations period.  Goldstein v. Harvard University, 77 Fed.Appx. 534, 536 n.1 (1st Cir. 2003).  In Puerto Rico, such period is the one-year term set for tort actions by Article 1868 of the Civil Code, P.R. Laws Ann. tit. 31 § 5298(a).  Toledo-Colón v. Puerto Rico, 812 F.Supp.2d 110, 120 (D.P.R. 2011); Vargas-Alicea v. Consortium of Mayaguez/Las Marías, 360 F.Supp.2d 367, 370 (D.P.R. 2005).  The period begins to run when the plaintiff knows or has reason to know of the injury upon which the claim is based. Rodríguez-García v. Municipality of Caguas, 354 F.3d 91, 96–97 (1st Cir.2004); Toledo-Colón, 812 F.Supp.2d at 120.

Plaintiff was discharged from the hospital on July 30, 2010.  By that date, she was on notice or reasonably should have known of the injury for which she complains and predicates her action on.  From that point, she had until July 30, 2011 to file her complaint.  She failed to do so, having filed the original complaint on August 14, 2013.

Plaintiff posits her claims are subject to the four-year statute of limitations contained in 28 U.S.C. § 1658(a), which reads, "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues."  Section 1658 was enacted on December 1,

Mercado v. Commonwealth of Puerto Rico, et al.
Civil No. 13-1621 (PAD)
Opinion and Order
Page 4

1990, as a catch-all statute of limitations for federal causes of action based on legislation lacking a limitations period, to minimize the practice of borrowing state statutes of limitations. Jones v. R.R. Donnelly & Sons Co., 541 U.S. 369, 378-380 (2004)(explaining legislative purpose and background). It applies if the plaintiff's claim was made possible by a post-1990 enactment. Id. at 382.

The ADAAA was enacted in 2008 in response to the Supreme Court's construction of the term disability set in the ADA. See, Pub. L. No. 110–325, 122 Stat. 3553 (2008)(so noting). However, it left intact the ADA's original definition of disability while clarifying how this definition is to be construed. Id.[2] In that sense, plaintiff's claims would have been actionable under the original provisions of the ADA. Reading the pleadings in the light most favorable to her, defendants regarded her as having an impairment, and for that reason committed her to the psychiatric hospital. Docket No. 18, at ¶¶ 4.3, 4.19, 5.6, 7.2. Correspondingly, the claims were not made possible by the ADAAA. As such, they are subject to the one-year statute of limitations applicable to the ADA.

When the allegations in a complaint show that the passage of time between the events giving rise to the claim and the commencement of the action exceeds the applicable limitations period, a district court should grant a 12(b)(6) motion by the defense if the complaint fails to sketch a factual predicate that would provide a legally sufficient basis for tolling the statute of limitations. Abdallah v. Bain Capital, 752 F.3d 114, 119 (1st Cir. 2014). No such predicate was pled here.

---

[2] As enacted in 1990, the ADA defined disability as (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such an impairment; and (3) being regarded as having such an impairment. See, Section 3 of ADA, codified as 42 U.S.C. § 12102(2). In turn, the ADAAA defines disability as (A) a physical or mental impairment that substantially limits one or more major life activities; (B) a record of such an impairment; and (C) being regarded as having such an impairment. See, Section 4 of ADAAA, codified as 42 U.S.C. § 12102 (1). It is apparent that these elements are identical to those enacted as part of the ADA in 1990.

Mercado v. Commonwealth of Puerto Rico, et al.
Civil No. 13-1621 (PAD)
Opinion and Order
Page 5

Since the action accrued by July 30, 2010 and the complaint was filed on August 13, 2013, plaintiff's claims are time-barred.

## IV.   <u>CONCLUSION</u>

Considering the foregoing, the Commonwealth's "Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)" (Docket No. 29), and ASSMCA's "Motion to Dismiss" (Docket No. 30) are GRANTED.  Plaintiff's claims are DISMISSED.  Judgment shall be entered accordingly.

SO ORDERED.

In San Juan, Puerto Rico, this 27th day of January, 2015.

<u>S/Pedro A. Delgado-Hernández</u>
PEDRO A. DELGADO HERNANDEZ
U.S. DISTRICT JUDGE